IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JONATHAN CAMMON, | Case No. 3:18-cv-01551-SB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CLACKAMAS COUNTY, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Plaintiff, a former inmate at the Clackamas County Jail, brings this civil rights action against Clackamas County. The Court grants Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1). However, for the reasons set forth below, this Court dismisses Plaintiff's Complaint (ECF No. 2) for failure to comply with Fed. R. Civ. P. 8(a) and 10(a) & (b).

## DISCUSSION

Plaintiff alleges in narrative form that he was subjected to an unlawful arrest, an unreasonable search and seizure, and unconstitutional conditions of confinement while confined at the Clackamas County Jail. Additionally, Plaintiff alleges that he has been subjected to unreasonable terms of probation, untimely extradition, over-confinement, the revocation of his

Page 1 – ORDER OF DISMISSAL

probation and post-prison supervision without due process, double jeopardy, and unreasonable urinalysis testing. Finally, Plaintiff alleges that his conviction is the result of an unknowing and involuntary guilty plea. Plaintiff seeks compensatory damages, injunctive relief, and an order "expunging" his "initial charges." Plaintiff does not allege when his constitutional rights were violated or whether he has exhausted his available state remedies with respect to the challenged conviction and/or the revocation of his probation or post-prison supervision.

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A claim for relief "is the aggregate of operative facts which give rise to a right enforceable in the courts." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000). If the factual elements of a claim are scattered throughout the complaint and not organized into a short and plain statement, dismissal for failure to satisfy Rule 8(a) is proper. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1986). Rule 10(b), in turn, requires a plaintiff to state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Plaintiff's Complaint contains no claims for relief and instead is a narrative of events over an unspecified period of time. It does not clarify who Plaintiff is suing and for what wrongs. Accordingly, the Court dismisses Plaintiff's Complaint for failure to comply with Fed. R. Civ. P. 8(a) and 10(b). Plaintiff may file an Amended Complaint within thirty days of the date of this Order which complies with the following directives. Plaintiff shall include a caption listing the Court's name, case number 3:18-cv-01551-SB, and the title "Amended Complaint." *See* Fed. R. Civ. P. 10(a). Plaintiff shall list himself as the Plaintiff and include the names of all individuals and entities he seeks to name as Defendants. *See id.* Plaintiff shall set forth separate claims for relief alleging facts giving rise to a reasonable inference that the named Defendants violated his

Page 2 – ORDER OF DISMISSAL

constitutional rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that liability under 42 U.S.C. § 1983 arises only upon a showing of personal participation by the defendant).

If Plaintiff seeks to obtain relief pursuant to 42 U.S.C. § 1983 against Clackamas County, he must allege facts giving rise to a reasonable inference that (1) the county had a policy, custom, or widespread practice that was the moving force behind the violation of his constitutional rights; (2) the county failed to properly train its officers and the failure to train amounts to deliberate indifference to Plaintiff's rights; or (3) the individual who violated Plaintiff's constitutional rights had final policy-making authority or ratified a subordinate's unconstitutional decision or action and the basis for it. *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 802-03 (9th Cir. 2018).

Plaintiff is advised that if he seeks to challenge the legality of a conviction for which he currently is serving a term of probation or post-prison supervision, he must file a habeas corpus petition after exhausting his available state remedies. *See* 28 U.S.C. § 2254. Further, Plaintiff cannot bring a cause of action that implicates the legality of a conviction that has not been reversed or overturned. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

## CONCLUSION

The Court grants Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1), and dismisses Plaintiff's Complaint (ECF No. 2) for failure to comply with Fed. R. Civ. P. 8(a) and 10(a) & (b). Plaintiff shall file an Amended Complaint, within thirty days of the date of this Order, curing the deficiencies set forth above. The failure to do so shall result in the dismissal of this proceeding.

///

///

///

The Clerk of the Court is directed to send Plaintiff a form prisoner civil rights complaint.

IT IS SO ORDERED.

DATED this 13 day of November, 2018.

                                          MARCO A. HERNÁNDEZ
                                          United States District Judge